UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL TAYLOR, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | EP-23-CV-00452-FM |
| v. | § | |
| | § | |
| PEAK BEHAVIORAL HEALTH, | § | |
| SERVICES LLC d/b/a SBH-EL PASO, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the court is "Plaintiff's Motion for Remand to State Court" [ECF No. 3], filed January 12, 2024, by Michael Taylor ("Plaintiff"). Therein, after amending his complaint and dismissing his federal claim, Plaintiff asks this Court to remand this action back to state court.[1] Peak Behavioral Health, Services LLC d/b/a SBH-EL Paso, LLC ("Defendant") opposes Plaintiff's motion.[2] For the following reasons, the Court grants the motion and remands this case back to state court.

## I.      BACKGROUND

Plaintiff originally brought claims under both Title VII and Chapter 21 of the Texas Labor Code against Defendant Peak Behavioral Health—an acute impatient psychiatric hospital—for alleged sex-based discrimination.[3] Plaintiff was employed by Defendant from April 2019 until

---

[1] "Plaintiff's Motion for Remand to State Court" 3–4, ECF No. 3, filed Jan. 12, 2024.

[2] *See generally* "Defendant's Response to Plaintiff's Motion to Remand," ECF No. 5, filed Jan. 26, 2024.

[3] "Plaintiff's Original Petition," ECF No. 1–1, filed Dec. 15, 2023.

May 2022 as an Admission and Referral Specialist.[4] Following the death of a patient under Defendant's care, Plaintiff, along with other male employees, was terminated.[5] Plaintiff alleges that these firings were discriminatory because even though several female employees were allegedly more involved in the patient's care prior to her passing, only male employees were terminated while; by contrast, no female employees were terminated.[6]

Plaintiff states that he timely reported his termination to the Equal Employment Opportunity Commission, which sent him a "right to sue letter" on or about May 25, 2023.[7] Plaintiff brought suit in state court on August 23, 2023.[8] Predicated on federal question jurisdiction over the Title VII claim, Defendant timely removed this action to federal court on December 15, 2023.[9] Thereafter, Plaintiff asked this Court for leave to file an amended complaint so that he could drop his Title VII claim.[10] On the same day, Plaintiff filed a motion for remand arguing that without a federal claim this Court should remand the state claim back to state court.[11] Subsequently, the Court granted Plaintiff's motion for leave to file an amended complaint and now this case contains only the Chapter 21 state claim.[12]

---

[4] *Id*. at 3.

[5] *Id*. at 3–4.

[6] *Id*. at 4–6 (Plaintiff alleges that female employees Daisy (who checked patient's vitals on arrival), Katherine (who was tasked with conducting visual observations on the patient every 15 minutes), and Ovi (the nurse assigned to the patient) were all involved with the patient but were not terminated).

[7] *Id*. at 7.

[8] "Notice of Removal" 1, ECF No. 1, filed Dec. 15, 2023.

[9] *Id*.

[10] *See generally* "Plaintiff's Motion for Leave to File First Amended Complaint," ECF No. 2, filed Jan. 12, 2024.

[11] "Plaintiff's Motion for Remand to State Court" 1, ECF No. 3, filed Jan. 12, 2024.

[12] "Order Granting Leave to File First Amended Complaint," ECF No. 6, entered May 17, 2024.

## II.    <u>DISCUSSION</u>

The provision dictating the removal of an action from a state court to a federal court is well-known:

[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[13]

Simply stated, with exceptions not relevant here, "[a] defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought."[14] For removal to be proper, the Court must have either "federal question jurisdiction" or "diversity jurisdiction."[15] "[A] short and plain statement of the grounds for removal," is required to be in a defendant's removal notice. In short, a defendant must make clear the jurisdictional basis upon which it is removing the action. Defendants may freely amend a notice of removal —including the jurisdictional basis—so long as the amendment comes before the expiration of the 30-day period for removal.[16]

With these bedrock principles of federal removal laid out, the parties dispute is as follows: the Defendant was served with Plaintiff's Original Petition on November 15, 2023, Defendant then timely filed its notice of removal on December 15, 2023.[17] In its notice of removal, Defendant's

---

[13] 28 U.S.C. § 1441(a).

[14] *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020).

[15] *See* 28 U.S.C. § 1331 (The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States); *see also* 28 U.S.C. § 1332 (The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of § 75,000, exclusive of interest and costs, and is between, as relevant here, citizens of different States).

[16] *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1165 (5th Cir. 1989) (citing Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3733 at 537 (2d ed. 1985)).

[17] "Notice of Removal" 1, ECF No. 1, filed Dec. 15, 2023.

jurisdictional basis was specifically "federal question jurisdiction" because of Plaintiff's Title VII Civil Rights claim.[18] However, after the Court granted Plaintiff's motion for leave to file an amended complaint, the federal cause of action was dropped from his suit; thus, depriving this Court of the basis from which original jurisdiction was derived. Plaintiff then argued in his motion for remand that the loss of federal question jurisdiction means this Court should remand this suit back to state court.[19] The Defendant disagrees.

The Defendant is correct that jurisdiction is determined at the time of removal. There is a "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."[20] Therefore, the fact the Plaintiff has dropped his federal cause of action does not mean that this Court no longer has jurisdiction because original jurisdiction did exist prior to Plaintiff's amended Complaint. However, while the Court may still have jurisdiction, there is another competing principle that must be addressed. The general rule that "a court should decline to exercise [supplemental] jurisdiction over the remaining state-law claims when all federal-law claims are eliminated before trial." Yet this rule "is neither mandatory nor absolute."[21] Thus, the real question in this case—which the parties do not address—is whether this Court should utilize its discretion to retain the remaining state-law claim.

---

[18] *Id*. at 1–2.

[19] "Plaintiff's Motion for Remand to State Court" 2–3, ECF No. 3, filed Jan. 12, 2024.

[20] *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (internal citation omitted); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (recognizing that removal jurisdiction is determined on the basis of the complaint at the time of removal).

[21] *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

A.      *Jurisdictional Basis not included in Defendant's Notice of Removal*

Before addressing whether the Court should retain jurisdiction over the remaining state-law claim, the Court must first address an argument made in Defendant's response to Plaintiff's motion for remand. In addition to arguing that this Court retained federal question jurisdiction, regardless of the Plaintiff dropping his federal claim post-removal, Defendant argued that this Court also has diversity jurisdiction over the case.[22]

Recalling the bedrock principles of federal removal discussed above, the Defendant was required to include a short plain statement of its jurisdictional basis. However, Defendant's jurisdictional basis in its notice of removal was solely federal question jurisdiction;[23] therefore, Defendant raises diversity jurisdiction for the first time in its response to the motion for remand. While the Fifth Circuit Court of Appeals has not squarely ruled on whether a federal court may rely on a jurisdictional basis that is not included in a defendant's notice of removal, other circuit courts that have ruled on the question have held that a defendant may not rely on a jurisdictional basis which is not in its removal notice.[24] In support of its holding, the Second Circuit Court of Appeals maintains that such a result is in accordance with congressional intent to restrict federal court jurisdiction; thus, a defendant who removes may not rely on a ground not properly pleaded

---

[22] "Defendant's Response to Plaintiff's Motion to Remand" 3–5, ECF No. 5, filed Jan. 26, 2024.

[23] *See generally* "Notice of Removal," ECF No. 1, filed Dec. 15, 2023.

[24] *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) ("Defendant made no effort to defend its removal on the federal officer removal statute; therefore, that ground is waived"); *see also Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("We are not inclined to countenance prolonged preliminary litigation over the removal issue simply because HAI failed in the first instance to aver a proper jurisdictional basis for removal"); *see also Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("The upshot is the same: after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis"); *see also Gavin v. AT & T Corp.*, 464 F.3d 634, 640–41 (7th Cir. 2006), as amended (Sept. 11, 2006) (holding that courts could not consider diversity jurisdiction when the removal notice did not raise it as a removal basis. Only the SLUSA and federal question were raised).

in its removal notice.[25] If a defendant wishes to add a new or additional jurisdictional basis, he can do so by utilizing his right to amend his notice of removal before the thirty day period for removal expires.[26] Once that time has expired, a defendant may only seek leave to more specifically set out the grounds for removal that already have been stated in his original notice.[27]

The Court agrees with the holdings reached by the various circuit courts; while the Defendant asks this Court to consider its claim of diversity jurisdiction, the Court declines to do so because the Defendant failed to plead diversity in its notice of removal. Additionally, the record reflects that the Defendant at no point amended or filed a motion for leave to amend its notice of removal. The Defendant's time to add an additional jurisdictional basis to its notice of removal has long expired.[28] As such, the Court only looks at the originally pleaded jurisdictional grounds put forth by Defendant.

### B.    Supplemental Jurisdiction

Returning to the dispositive question of whether the Court should retain supplemental jurisdiction over the state law claim. For the following reasons, the Court declines to retain jurisdiction over the state claim.

The Supreme Court in *United Mine Workers of America v. Gibbs* outlined that a federal court should consider and weigh the values of judicial economy, convenience, fairness, and comity

---

[25] *See Lupo*, 28 F.3d at 273–74 ("Thus, because Lupo's complaint does not allege an amount in controversy in excess of $50,000, and HAI failed in its notice of removal to assert any amount in controversy or even raise the issue of diversity jurisdiction, we lack subject matter jurisdiction over the present case").

[26] *Wood*, 764 F.3d at 323.

[27] 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Removal* § 3733 (Rev. 4th ed. 2023).

[28] The Defendant removed this case on December 15, 2023, the 30th day from which it could remove under statute. Therefore, the Defendant no longer had time to amend its removal notice by right.

when exercising its discretion on whether to maintain jurisdiction over a pendent state law claim.[29]

These interests are to be considered on a case-by-case basis, and no single factor is dispositive.[30]

As the Supreme Court has stressed, "the doctrine of pendent jurisdiction thus is a doctrine of

flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that

most sensibly accommodates a range of concerns and values."[31] Again, the general practice in the

Fifth Circuit is that a court should dismiss without prejudice or remand any state law claims after

properly dismissing all of the questions that gave it original jurisdiction so long as the case is still

in its early life cycle.[32]

Applying the *Gibbs* factors, in terms of judicial economy, this Court has not invested a

"significant amount of judicial resources" and the case is very much in its early life cycle. At

present, the Court has done no more than grant Plaintiff's motion for leave to file an amended

complaint and will rule on Plaintiff's motion to remand. No discovery has taken place, no

dispositive motions have been filed except for the motion to remand, and there is no risk that

parties may have to repeat efforts already taken in federal court.[33] Thus, "judicial economy" favors

remand.

---

[29] 383 U.S. 715, 726 (1966).

[30] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir.1992).

[31] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[32] *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 395 (5th Cir. 1992); *see also Parker & Parsley Petroleum Co.*, 972 F.2d at 585.

[33] *Compare, e.g., Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (holding that a district court abused its discretion in declining to exercise supplemental jurisdiction over remaining state law claims when the remaining claims did not involve difficult state law issues, the district court was intimately familiar with the claims given that the case had been pending for almost three years, and the case had produced sixteen volumes of record including multiple depositions, discovery disputes, and multiple motions to dismiss and summary judgment); *with, e.g., Parker & Parsley Petroleum Co.*, 972 F.2d at 587–90 (finding that the district court abused its discretion when it retained jurisdiction over remaining state law claims when the proceedings were at a relatively early stage, discovery

The fairness factor is the Defendant's strongest argument because it believes that Plaintiff is engaging in forum manipulation to stay out of federal court.[34] Plaintiff does not give illuminating reasons as to why he is dismissing his federal claim. He merely states that he brought mirrored issues under both Chapter 21 of the Texas Labor Code and Title VII, and that he now wishes to proceed only on his state-law claim.[35] Plaintiff then cites to the permissible leave to amend standard under Federal Rule of Civil Procedure 15.[36] In *Cohill*, the Supreme Court has warned district courts to guard against forum manipulation when deciding whether to remand pendent state-law claims, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."[37] And, while the Fifth Circuit has affirmed district courts' decisions to retain jurisdiction in order to prevent forum manipulation,[38] it has also held that forum manipulation is merely one factor to be considered and not in itself dispositive.[39]

---

had not been completed, and it would not present any significant burdens on the parties to litigate in state court such as repeating arguments or restating the discovery process).

[34] "Defendant's Response to Plaintiff's Motion for Leave to File First Amended Complaint" 2, ECF No. 4, filed Jan. 26, 2024 ("The only purpose of the amendments is to defeat this Court's subject matter jurisdiction").

[35] "Plaintiff's Motion for Leave to File First Amended Complaint" 2, ECF No. 2, filed Jan. 12, 2024.

[36] *Id.* at 3.

[37] 484 U.S. at 357.

[38] *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) ("In addition, it is apparent that by dropping his admittedly preempted claims and moving for a remand, Brown attempted to engage in precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*").

[39] *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011) ("In any case, the Supreme Court's instruction for district courts to 'guard against forum manipulation' is explicitly qualified for situations such as this one, where other considerations weigh heavily in favor of remand").

Ultimately, this Court finds that the Plaintiff has engaged in likely forum manipulation by dropping his federal claim. Thus, "fairness" and guarding against forum shopping weigh towards retaining jurisdiction.

Lastly, "convenience" and "comity" weigh towards remand. Federal courts "are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts."[40] The Defendant has not shown how it would be prejudiced or inconvenient to litigate the state claim in Texas state court. Again, the Fifth Circuit has held that "[i]t was certainly fair to have had the purely Texas state law claims heard in Texas state court."[41] The only remaining cause of action is Plaintiff's Chapter 21 of the Texas Labor Code claim. While a federal court is certainly capable of handling such a claim, a Texas state court is better situated to do so.

Having weighed all the common law factors, the Court concludes that the scales tip in favor of remand. Accordingly,

1.   It is **HEREBY ORDERED** that "Plaintiff's Motion for Remand to State Court" [ECF No. 3] is **GRANTED.**

2.   It is **FURTHER ORDERED** that the Clerk shall **REMAND** the above-captioned case to the 243rd Judicial District Court of El Paso County, Texas.

**SIGNED AND ENTERED** this **28th** day of **May 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[40] *Id*. at 160 (internal quotation marks and citation omitted).

[41] *Id*.

9